# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

**BENJAMIN M. SANDOVAL**,

    Plaintiff,

v.     Civ. No. 04-1052 BB/DJS

**UNION PACIFIC RAILROAD COMPANY**,

    Defendant.

### MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on Defendant's Motion for Summary Judgment based upon the Statute of Limitations (Doc. No. 18), and the Court, having considered the briefs of counsel and being otherwise advised, finds Defendant's motion should be, and hereby is, DENIED.

### I. BACKGROUND

    This case involves a complaint by a long-time railroad employee who filed a negligence complaint under FELA against his employer, due to certain injuries to his wrists and knees. Taken in the light most favorable to Plaintiff, the evidence submitted shows that Plaintiff worked in several different labor-intensive positions for Defendant Railroad for more than nineteen years. As Plaintiff's duties increased in intensity and duration, Plaintiff experienced gradual increases in

the amount of pain he experienced. Dfdt. Exh. A at 60-61, 97-98, Dfdt. Exh. D, Dfdt. Exh. H. However, Plaintiff attributed these increases in pain to soreness from the amount of work he performed, as well as the onset of old age. Dfdt. Exh. A at 66; 113.

Plaintiff received a report that indicated the existence of carpal tunnel syndrome on December 1, 2001. See Dfdt. Exh. C. Plaintiff also complained of his knee pain to a doctor on March 26, 2002. See Dfdt. Exh. A. Plaintiff took medical leave from work beginning on April 28, 2002, citing degenerative arthritis in both knees. See Dfdt. Exhs. K, L, M.

Plaintiff filed his complaint on September 17, 2004. Under the three-year statute of limitations provided by FELA, any claims that accrued before September 17, 2001 are untimely. See 45 U.S.C. §56 (2000). Defendant contends that all of Plaintiff's claims are barred as untimely.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Medina v. Income Support Div., 413 F.3d 1131, 1133 (10th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). In response, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith, 475 U.S. 574, 587-88 (1986).

To avoid summary judgment, the nonmoving party may not rest upon the mere allegations in the pleadings but must show, at a minimum, an inference of the existence of each essential

element of the case.  Eck v. Parke, Davis & Co., 256 F.3d 1013, 1016-17 (10th Cir. 2001)(citing Hulsey v. K-Mart, Inc., 43 F.3d 555, 557 (10th Cir. 1994)).  When viewing the evidence, the Court must draw reasonable inferences in favor of the non-moving party.  Matsushita, 475 U.S. at 587.

### III. DISCUSSION

Under FELA, to maintain a claim against an employer, an employee must bring a claim within three years of the day such claim accrues.  45 U.S.C. §56 (2000).  If the case is one in which "the injury has an indefinite onset and progresses over many years unnoticed," the "discovery rule" governs when the cause of action "accrues" within the meaning of the statute.  Matson v. Burlington Northern Santa Fe R.R., 240 F.3d 1233, 1235 (10th Cir. 2001) (quotations omitted); see United States v. Kubrick, 441 U.S. 111, 121-23 (1979); Urie v. Thompson, 337 U.S. 163, 170 (1949).  Under the "discovery rule," a "'statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.'"  Matson, 240 F.3d at 1235 (quoting Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 969 (10th Cir. 1994)).  The Supreme Court adopted this "discovery rule" "[t]o avoid the harshness of applying a strict limitations period that could theoretically require a plaintiff to file suit before a latent injury manifested itself."  Id.

As discussed below, this Court is presented in this case with precisely the situation the Supreme Court was concerned about in first establishing the "discovery rule," that is, alleviating Plaintiff of the theoretical possibility of having to file suit before Plaintiff was aware, or should have been aware, of the existence and cause of the injury.   See Matson, 240 F.3d at 1235.

Because Plaintiff may well have had difficulty determining that he was, in fact, suffering from an injury (as opposed to experiencing chronic muscle soreness or the onset of old age), the discovery rule is applicable in this case.  At issue is its application.

### Defendant's Contentions

Defendant Railroad urges this Court to dismiss Plaintiff's actions as time barred, arguing that Plaintiff experienced pain and attributed this pain to work well before the three years preceding Plaintiff's filing of this cause of action.  Defendant emphasizes that Plaintiff testified he felt worse after changes in his duties in 1996 which required him to work longer hours in order to cover his territory.  See Dfdt. Mem. Supp. Summ. Judg. at 3; Sandoval Depo. at 59-62, 89, 97-98.  In addition, Defendant emphasizes testimony that Plaintiff experienced worsening of pain following some changes in the equipment Plaintiff had available to him in order to complete his duties.  See Dfdt. Mem. Supp. Summ. Judg. at 4; Sandoval Depo. at 95-98.  Defendant also points to Plaintiff's testimony that his pain was due to working.  See, e.g., Dfdt. Mem. Supp. Summ. Judg. at 5; Sandoval Depo. at 66, 112, 114-15.  Finally, Defendant underscores recent medical reports which report the onset date of Plaintiff's injuries as periods of time prior to September 17, 2001.  See Dfdt. Mem. Supp. Summ. Judg. at 6-7; Dfdt. Exh. D (July, 2002 report by Dr. Freedman that Plaintiff had been feeling "discomfort" which had been "steadily worsening over the last 3-4 years."); Dfdt. Exh. F (forms dated by Dr. Rock, indicating 1998 as the date "symptoms first appeared or accident happened"); Dfdt. Exh. G (forms indicating "disability began" in May, 2000); Dfdt. Exh. H (report by Dr. Ball that Plaintiff indicated his knees were painful for the last five years).  Defendant argues that the foregoing evidence shows that Plaintiff

knew he was injured and associated his knee and wrist injuries with work long before September 17, 2001.

**Plaintiff's Contentions**

Plaintiff, in his deposition, testified that "when you work on the railroad, you're always sore." Sandoval Depo. at 89; id. at 112; id. at 115. Specifically, Plaintiff noted "anything you use, you know, you feel sore the next day." Id. at 89. Plaintiff further testified that he felt this soreness in his back, wrists, arms, legs and "everything." Id. Indeed, Plaintiff's physician testified that any pain in Plaintiff's knees could have been mistaken for muscle soreness. Rock Depo. at 42-43. Plaintiff also testified that the pain would recede with time. Sandoval Depo. at 89. Moreover, Plaintiff's physician testified that Plaintiff was a "stoic gentleman," such that he could not be sure when, or the degree to which, Plaintiff experienced pain. Rock Depo. at 20; id. at 30-31. Plaintiff also testified that he attributed increases in soreness to the onset of old age. Sandoval Depo. at 65-66; id. at 113.

On the basis of this evidence, Plaintiff argues that the statute of limitations did not accrue before September 17, 2001, as Plaintiff did not know and should not have known prior to that time that an injury was the cause of his pain.

**Issues of Fact**

It is undisputed that Plaintiff felt certain pains for an extended period of time. Sandoval Dep. at 89, 112, 115; Dfdt. Exh. D (wrists); Dfdt. Exh. E (knees). Although Defendant calls attention to medical reports which document pain that "steadily worsens" over the years and reports that the "disability began" before the three year limitations period as evidence that Plaintiff knew of an injury, Dfdt. Exhs. D, K, L, M & N, this is insufficient to establish a lack of a genuine

issue of material fact. While these records clearly reflect pain, they may not necessarily reflect Plaintiff's understanding of his medical condition at the time he was experiencing the pain. Cf. Van Zweden v. Southern Pacific Transp. Co., 741 F.Supp. 209, 210, 212 (D. Utah, 1990) (genuine issue of material fact existed where Plaintiff filed affidavit explaining that statements made concerning causation reflected benefit of hindsight). It is certainly possible and plausible that Plaintiff reached a point where he realized he was injured, and, upon realizing the injury, interpreted his past discomfort as related to the injury. The reports cited by Defendant indicate that Plaintiff experienced increasing pain over the space of several years; however, this does not establish that Plaintiff knew, or should have known, during those years that he was injured. Indeed, this is more supportive of Plaintiff's view that advancing age was the cause.

Moreover, there appear to be some factual issues regarding some of the documents cited by Defendant to establish an "onset date" of Plaintiff's disability. First, it is not clear when Plaintiff was tested for carpal tunnel syndrome. Although Plaintiff testified that he was tested by Dr. Woodward on December 2, 2000, Dr. Woodward reports the date of study as December 1, 2001. Sandoval Depo. at 90; Dfdt. Exh. C. Secondly, there is some dispute about the accuracy of two conflicting records authored by Dr. Rock that document the "onset" date as 1998 in one instance and in another as "one month" prior to an office visit in May, 2002. Compare Dfdt. Exh. F with Pltf Exh. C and Pltf. Exh. D at 11. Thus, Defendant cannot show an absence of material fact as to the onset date of Plaintiff's disability.

### Case Law Analysis

As stated above, the critical issue relevant to determining when the statue of limitations began to run in this case is when Plaintiff knew, or had reason to know, of *both* the existence *and*

cause of the injury.  See Matson, 240 F.3d at 1235.  Based on this record, this Court finds that the issue of whether this Plaintiff knew, or should have known, of his injury is not appropriate for resolution on a motion for summary judgment.  Other courts have found genuine issues of fact in similar cases.

The case sub judice is similar to that before the court in Ray v. Illinois Central Railroad Co. 864 F.Supp. 569, 570 (D. La. 1994).[1]  In that case, an employee was required to walk on large stones and other pieces of rock to complete his job duties. During the 1970's and 1980's, the plaintiff experienced discomfort in his feet, and complained to his supervisors.  Occasional pain became constant pain in 1991, and Plaintiff sought medical treatment in 1992.  The court held that "[w]hile there does appear to be no dispute that plaintiff knew his feet hurt because he walked upon slag, there is considerable dispute when plaintiff knew he suffered an injury." Id.  The court further noted that "[w]hile plaintiff knew his feet hurt, there is a factual issue whether the pain in his feet should have caused him to seek medical attention sooner such that he could have discovered he had Morton's neuroma." Id.  In the instant case, as in Ray, there is evidence that Plaintiff had been feeling pain for quite some time.  However, there is a factual issue regarding

---

[1] Defendant has urged this Court to disregard Ray, arguing that, "[h]ad Ray been decided under the Tenth Circuit's decision in Matson, the court would have necessarily reached the opposite conclusion." Dfdt. Reply Brief Supp. Mot. for Summ. Judg. at 10.  Defendant suggests this is true because the Matson standard is different than the standard applied by the Ray court. Id. This Court does not agree.  The Ray court applied a standard quite similar to that applied in the Matson case. Compare Ray, 864 F.Supp. at 570 ("'statute of limitations does not run against a claim 'whenever a plaintiff is not aware of and has no reasonable opportunity to discover the critical facts of his injury and its cause.'")(citations omitted) with Matson, 240 F.3d at 1235 ("'statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.'")(citations omitted).  Moreover, the Tenth Circuit has itself recognized that the issue of both actual and constructive knowledge are generally issues of fact upon which summary judgment may be inappropriate.  See Plaza Speedway, Inc. v. United States, 311 F.3d 1262, 1270 (10th Cir. 2002).

whether, given Plaintiff's pain, he should have sought medical attention sooner in order to determine that he was injured.

The Seventh Circuit has also examined analogous facts and recognized the existence of a genuine issue of material fact. In Green v. CSX Transp., Inc., 414 F.3d 758, 763 (7th Cir. 2005), an employee sued her railroad employer for negligence for shoulder injuries she sustained while performing her work duties. On appeal, the Seventh Circuit vacated the District Court's judgment and remanded for trial, finding that there were "genuine issues of fact relating to when Green sustained her injuries." Id. at 760. Several factors the Seventh Circuit relied upon in making its ruling are also present here. First, the court noted that there were only a few references to shoulder pain in the plaintiff's medical records, and that the plaintiff had only sought medical treatment for that shoulder pain on one occasion. Id. at 764. Similarly, in this case, Plaintiff had not routinely or regularly complained to a medical provider about his perceived "soreness." In addition, in Green, there was "no evidence that any of the medical reports related to a right shoulder injury serious enough to put Green on notice that it was time to sue her employer or lose the right to do so . . . ." Id. This is also true in the instant case, where an issue of fact remains as to whether Plaintiff's injuries were serious enough to put him on notice that it was "time to sue."

Defendant relies heavily upon Matson, 240 F.3d at 1236, arguing that Plaintiff's claim accrued at the earliest point at which Plaintiff attributed pain to his work. See Dfdt. Reply Brief Supp. Mot. for Summ. Judg. at 9. Although Matson held that "a FELA claim accrues when the plaintiff knows or should know that his injury is merely work-related," Matson, 240 F.3d at 1236, the case at bar is readily distinguishable from Matson. The Matson court dealt with a case where

"the undisputed facts . . . reveal[ed] that Matson knew about his back injury . . . ." Id.  In this case, however, there is an issue of fact as to whether Plaintiff knew or should have known he was *injured*. See, e.g., Sandoval Depo. at 115 ("I didn't know I was hurt.").  Because of Plaintiff's other potential causes for pain, this Court cannot simply hold, as Defendant would have it, that Plaintiff's pain indisputably translates into Plaintiff's knowledge that he was injured.[2]  Therefore, the Matson analysis regarding causation is inapplicable here.

Defendant also points to Fries v. Chicago & Northwestern Transp. Co. 909 F.2d 1092 (7th Cir. 1990).  In that case, the Seventh Circuit held that the plaintiff's cause of action against the defendant railroad was time barred where both the plaintiff and his wife acknowledged that they suspected plaintiff had lost hearing more than five years before bringing suit. Id. at 1096. Fries, however, is also distinguishable from the case at bar in that the plaintiff in Fries "could not ascribe the hearing loss to a cause other than work." Id. at 1094.  Thus, the factual situation in Fries does not address the issue before this Court, i.e. *when* Plaintiff knew, or should have known,

---

[2]This Court will not follow the rulings of two district courts cited by the defendant which granted motions for summary judgment in cases where the plaintiff testified that he believed aging was the cause of pain, instead of the onset of an injury. See Callahan v. CP Rail System, 2000 WL 1372878, at *7 (M.D. Pa. 2000) (unpublished) (implying that the mere experience of pain is sufficient to establish awareness of injury); Grosmick v. Consolidated Rail Corp., 1996 WL 479660, at *2 (E.D. Pa. 1996) (unpublished) (holding that the awareness of hearing loss is sufficient to establish awareness of an injury).   The Court also notes that Yartin v. Consolidated Rail Corp., 1998 WL 961394 (E.D. Pa. 1998) does not support the proposition that a plaintiff's belief that aging was the cause of the pain is insufficient to create a genuine issue of material fact on a motion for summary judgment based on the statute of limitations in a FELA action.  Rather, the Yartin court determined that the "aging" argument was inconsistent with the record in that case.  Yartin, 1998 WL 961394, at *1.

Furthermore, there is significant evidence in this record countering Defendant's position in this case.  Plaintiff's doctor corroborated Plaintiff's testimony by categorizing Plaintiff as "stoic" and stated that it was certainly possible for Plaintiff to mistake pain from his injuries as routine muscle soreness. See Rock Depo. at 20; id. at 30-31; id. at 42-43.

that the pain he experienced was due to injuries from work, as opposed to the natural aging process and/or commonplace muscle soreness due to physical exertion. In this case, then, quite unlike the situation in Fries, there is medical evidence that Plaintiff could have mistaken his pain for a cause other than a work related *injury.* Therefore, the key question of when Plaintiff's injury "manifested itself" as the actual cause of his pain is a disputed issue of material fact.

The Supreme Court has held that "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Tenth Circuit has noted that the issue of whether a plaintiff knew or should have known of the existence of an injury is often a question of fact. See Plaza Speedway, Inc. v. United States, 311 F.3d 1262, 1270 (10th Cir. 2002) ("Underlying the question of law in this appeal . . . is a question of fact, namely *when* the [plaintiffs] knew or should have known of the contamination."). Viewing the evidence in the light most favorable to Plaintiff, as this Court must, the Court finds that Defendant has failed to establish the absence of a genuine issue of material fact as to whether Plaintiff should have known of his injury, or should have done more to investigate whether he was injured. Plaintiff testified that he believed his symptoms were due to a combination of physical exertion and the onset of old age. Based on the current record, this is a matter to be resolved by the finder of fact.

## **IV. ORDER**

WHEREFORE, Defendant's motion is DENIED.

DATED at Albuquerque this 2$^{d}$ day of November, 2005.

BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE